

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10555 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00824-ACK-1 |
| v. | |
| KALI LOTOAIKI LAULEA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, Senior District Judge, Presiding

Submitted June 14, 2016[**]
Honolulu, Hawaii

Before: THOMAS, Chief Judge and CALLAHAN and MURGUIA, Circuit Judges.

Kali Lotoaiki Laulea appeals his conviction of two counts of distribution of

five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a) and

(b)(1)(B), and one count of distribution of fifty grams or more of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

methamphetamine, in violation of 21 U.S.C. § 841(a) and (b)(1)(A). We affirm. Because the parties are familiar with the history of this case, we need not recount it here. We review the district court's ruling on a motion to suppress de novo and the district court's factual findings for clear error. *United States v. Kahre*, 737 F.3d 554, 564 (9th Cir. 2013).

The district court did not err in denying Laulea's motion to suppress the evidence seized after the traffic stop and arrest. The officer testified that on the day of the traffic stop, he attended a joint operational briefing where he was shown Laulea's photograph and was informed that Laulea lacked a valid driver's license. Approximately one hour later, the officer observed the same person he had seen in the photograph driving a vehicle previously associated with Laulea. Given the totality of the circumstances, the officer had reasonable suspicion to believe that Laulea was driving without a valid license in violation of Haw.Rev.Stat. § 286-102. *See United States v. Miranda-Guerena*, 445 F.3d 1233, 1236 (9th Cir. 2006). Thus, the stop of Laulea's vehicle was reasonable under the Fourth Amendment. *See United States v. Willis*, 431 F.3d 709, 715 n.5 (9th Cir. 2005).

**AFFIRMED.**